IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          Case No. 6:17-cr-60039

JADE LEIGH COHORN                                                     DEFENDANT

## ORDER

Before the Court is Defendant's Motion in Limine. (ECF No. 26). The government has responded. (ECF No. 28). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On October 27, 2017, Defendant was charged in a single-count indictment with sexual abuse of a minor, "John Doe," in violation of 18 U.S.C. § 2243(a). On June 29, 2018, Defendant filed the instant motion, seeking to preclude any reference to the complaining witness, John Doe, as a "victim" during trial. The government opposes the motion.

### II. DISCUSSION

Defendant states that she anticipates that the government and/or its witnesses will refer to or label John Doe as a "victim" during trial. Defendant states that one of the questions before the jury in this case is whether a crime was committed at all, and as such, there is no basis to refer to John Doe as a "victim" unless and until the jury returns a guilty verdict in this case. Defendant argues that she is entitled to the presumption of innocence and bears no burden of proof in this matter. Defendant asserts that reference to John Doe as "victim" in front of the jury would unfairly dilute the government's burden of proof by improperly indicating that the government, by filing a criminal complaint, has already shown that Defendant committed a crime. Defendant also argues

that references to John Doe as "victim" would amount to improper prosecutorial personal vouching, both as to John Doe's credibility and to the justness of the government's case.

The government argues in response that the instant motion should be denied. The government asserts that federal law contains multiple references to and definitions of the term "victim," and that a determination of "victim" status is a direct consequence of a defendant's actions and is not dependent on a conviction or judgment of guilty. The government contends that its use of "victim" in reference to John Doe will not dilute the government's burden of proof, will not constitute improper personal vouching, and will not violate Defendant's constitutional rights. The government also argues that in *United States v. Washburn*, 444 F.3d 1007 (8th Cir. 2006), the Eighth Circuit affirmed the use of the term "victim" in jury instructions for a wire fraud and money laundering case, finding that the use of "victim" did not indicate to the jury that the defendant was guilty. The government also points the Court to *People of Guam v. McGravey*, in which the Ninth Circuit affirmed the use of the term "child-victim" in jury instructions for a sexual-abuse case on the basis that the trial court crafted the instruction in a way that clearly defined "victim" as one who was allegedly subjected to criminal sexual conduct. 14 F.3d 1344, 1347-48 (9th Cir. 1994).

Upon consideration, the Court finds that Defendant's motion should be denied, at least at this juncture. Defendant fails to point to, and the Court is unable to find, any authority holding that references to a complaining witness as a "victim" violates a defendant's constitutional rights. The Eighth Circuit does not appear to have decided this particular issue, and the only similar instance the Court has been able to locate within the Eighth Circuit involved a distinguishable sexual-abuse case involving other issues, in which the government did not oppose a defendant's motion in limine seeking to prohibit references to a complaining witness as a "victim." *See United States v. Alaboudi*, 786 F.3d 1136, 1142 (8th Cir. 2015) (noting while summarizing the case's

procedural history that the district court granted the defendant's unopposed motion in limine regarding "victim" terminology). Courts from nonbinding jurisdictions that have faced the issue of whether references to a complaining witness as a "victim" violated a defendant's constitutional rights have answered the question in the negative. *See, e.g.*, *Kaufman v. Milyard*, No. CIV.A. 07-CV-01458RE, 2009 WL 3254485, at *7-8 (D. Colo. Oct. 6, 2009) (denying habeas relief and rejecting the argument that three references to a complaining witness as the "victim" violated the defendant's constitutional right to the presumption of innocence); *Vasquez v. Quarterman*, No. CIVA 3:06CV2339G(BH), 2009 WL 222664, at *7 (N.D. Tex. Jan. 29, 2009) (denying habeas relief and holding that references to the complaining witness as an "alleged victim" did not deny the defendant the constitutional right to a fair trial); *see also United States v. Perez*, No. EDCR1300087AVAP, 2014 WL 12689229, at *9 (C.D. Cal. May 15, 2014) (denying the defendant's motion in limine seeking to preclude use of the term "victim" at trial after noting that the term could be fairly used in some circumstances), *aff'd*, 662 F. App'x. 495 (9th Cir. 2016). Likewise, courts discussing the propriety of the term "victim" in jury instructions for sexual-abuse cases have held that the term is not unduly prejudicial, particularly if the instructions specify that "victim" refers to an alleged victim. *See McGravey*, 14 F.3d at 1347-48; *see also Server v. Mizell*, 902 F.2d 611, 615 (7th Cir. 1990) (holding that a jury instruction's use of the term "victim" was not prejudicial "as it merely posits that if an act of sexual conduct or sexual abuse occurred, it must have been perpetrated on a victim").

The Court is unpersuaded by Defendant's argument that references to John Doe as a "victim" would constitute improper vouching because the government would be expressing a personal opinion as to John Doe's credibility. Improper prosecutorial vouching "may occur when the government: (1) refers to facts outside the record or implies that the veracity of a witness is

3

supported by outside facts that are unavailable to the jury; (2) implies a guarantee of truthfulness; or (3) expresses a personal opinion about the credibility of a witness." *United States v. Benitez-Meraz*, 161 F.3d 1163, 1167 (8th Cir. 1998). Defendant argues, without citing to authority, that the government's use of the term "victim" with respect to John Doe would signal that the government holds a personal belief in the credibility of John Doe's claims. The Court disagrees, at least on a general level. The Court does not believe that the potential use of the term "victim," in and of itself, signals the government's personal belief in John Doe's credibility. It is, however, possible that, presented in a certain context, the government could impermissibly use the term "victim" in such a way as Defendant describes. Conversely, it is also possible that the government could permissibly use the term in a way that is "a fair comment on the evidence." *Perez*, 2014 WL 12689229, at *9 (citing *United States v. Gibson*, 690 F.2d 697, 703 (9th Cir. 1982)) (internal quotation marks omitted). The Court is currently without information as to the manner, context, and frequency in which the government intends to refer to John Doe as a "victim" at trial. Thus, the Court will not, at this stage, generally ban the term based on its usage constituting improper vouching.

The Court is also unpersuaded by Defendant's argument that references to John Doe as "victim" at trial would improperly dilute the government's burden of proof by indicating to the jury that a crime has been committed. Although in some circumstances, the word "victim" could potentially be "subversive of the presumption of innocence," the "mere use of the term does not prejudice Defendant, as it may be a 'fair comment on the evidence.'" *Id.* "It is rather the manner, context, and frequency in which the term—or any other term—is used that can transform a term or question in an argumentative direction." *Id.* The government does not specify how, if at all, it intends to refer to John Doe as a "victim" at trial. Thus, the Court finds that it is without sufficient

4

information to make an informed decision at this time regarding whether the government may do so. Accordingly, the Court will not issue a blanket ban on the term in advance of trial, as such a reference could be permissible based on the specific manner, context, and frequency in which it is used. If the government intends to make any such reference, it is instructed to first approach the bench before doing so. The Court will analyze the framework in which any such reference is proposed prior to making its decision on the issue. The government is further advised that, if it intends to make any "victim" references with respect to John Doe, it should submit a proposed jury instruction before trial that clearly explains that the term "victim," as used at trial, refers to a person whom Defendant allegedly subjected to criminal conduct.[1]

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 26) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 19th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] The "boilerplate" instructions found in the Eighth Circuit Model Criminal Jury Instructions, which the Court gives in every criminal trial, clearly state that a defendant is entitled to the presumption of innocence and that the government must prove all elements of the charged crime. *See* Eighth Circuit Model Criminal Jury Instructions 1.01, 3.05 (2017). It is well established that "[a] jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *United States v. Myers*, 503 F.3d 676, 683 (8th Cir. 2007). If this case proceeds to trial, the Court fully anticipates utilizing Eighth Circuit Model Criminal Jury Instruction 3.05, which would explicitly outline the government's burden of proof and Defendant's presumption of innocence. In light of these clear instructions and the well-established presumption that a jury will follow the instructions given to it, the Court is inclined to believe that Defendant's fears are misplaced that use of the term "victim" would improperly dilute the government's burden of proof and thereby deprive Defendant of a fair trial, particularly if coupled with an instruction that explicitly defines the term "victim" as described above. *See Server*, 902 F.2d at 615 (finding no violation of a defendant's constitutional rights from a "victim" reference and noting that the jury instructions clearly stated the government's burden of proof).